UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST DATA MERCHANT SERVICES LLC

                Plaintiff,                 Case No.: 1:19-cv-10964

                v.

MM DEVELOPMENT COMPANY d/b/a
PLANET 13; SISTEM COMMERCE CITY
LLC d/b/a SILVER STEM FINE CANNABIS;
KTZ HOLDINGS, INC. d/b/a SILVER STEM;
GTR SOURCE, LLC; NEW YORK CITY
MARSHAL STEPHEN W. BIEGEL; ML
FACTORS FUNDING LIMITED LIABILITY
COMPANY; PELICAN COMMUNICATIONS,
INC. d/b/a THE PELICAN GROUP; LINX
CARD, INC.; and GIVV, INC.

                Defendants.

*[Handwritten annotation: "Denied without prejudice to renewal after each and every defendant has been served. SO ORDERED. /s/ [Judge] USDJ 12-17-19"]*

**PLAINTIFF FIRST DATA MERCHANT SERVICES LLC'S MOTION
FOR PERMANENT INJUNCTION PURSUANT TO 28 U.S.C. § 2361 AND
MEMORANDUM IN SUPPORT**

Plaintiff First Data Merchant Services LLC ("First Data") files this Motion for Permanent Injunction pursuant to 28 U.S.C. § 2361 and states as follows:

### Introduction

On November 19, 2019, First Data initiated this action seeking to interplead $619,560.55 into the Court Registry (the "Disputed Funds"). The interpleader defendants (collectively, "Claimants") all claim entitlement to all or some portion of the Disputed Funds, collectively in excess of the amount available. First Data files this Motion contemporaneously with its Complaint for Interpleader and Injunctive Relief, respectfully requesting this Court order a permanent injunction restraining Claimants from continuing or initiating lawsuits concerning the Disputed Funds to protect First Data from a multiplicity of actions and ensure effectiveness of the requested interpleader relief.

**Background**

First Data is a data processor that processes payment card transactions on behalf of merchants pursuant to merchant processing agreements ("MPAA"). Relevant to this action, First Data processed transactions for GiVV, Inc. ("GiVV"), a wholly-owned subsidiary of Linx Card, Inc. ("Linx Card"), until First Data terminated GiVV's merchant account on February 6, 2019. Pursuant to the MPAA between First Data and GiVV, First Data holds a reserve of $22,235 for the purpose of settling any chargebacks or other obligations or liabilities arising against GiVV's account. Similarly, First Data processed transactions for Pelican Communications, Inc. d/b/a The Pelican Group ("Pelican") until First Data discovered Pelican was improperly processing transactions on behalf of Linx Card. First Data terminated Pelican's merchant account and similarly holds a reserve of $597,325.55 pursuant to the MPAA between First Data and Pelican.[1] Collectively, the funds in the reserve accounts comprise the Disputed Funds at issue here.

Claimants all argue entitlement to the $619,560.55 First Data holds in reserve. Specifically, MM Development Company d/b/a Planet 13 ("MM Development") filed an action on October 28, 2019 in the Superior Court of the State of California, captioned *MM Development Company, Inc. d/b/a Planet 13 v. Linx Card, Inc. et al.*, Case No. C19-02278 (the "California Superior Court Action"), alleging, among other claims, that First Data converted the Disputed Funds and committed unfair business practices by converting those Funds. In addition to MM Development's Complaint, First Data has also received (1) a Levy and Demand from New York City Marshal Stephen W. Biegel on behalf of GTR Source, LLC for $5,190,734.98, (2) an

---

[1] As explained in the Complaint for Interpleader and Injunctive Relief, First Data retains an additional $10,000 of the reserve pursuant to the MPAA for the purpose of paying future chargebacks, obligations, liabilities, and expenses against Pelican's account. (ECF No. 1 at ¶ 16 n.1.) First Data will seek to deposit any remaining amounts with the Court following First Data's final determination that there remains no risk of chargebacks, obligations, liabilities, or expenses from Pelican's merchant account.

Information Subpoena with Restraining Order from ML Factors Funding Limited Liability Company claiming an interest in excess of $255,466.15 of the Disputed Funds, and (3) a demand letter from Sistem Commerce City LLC and KTZ Holdings, Inc. demanding more than $114,962.60 of the Disputed Funds.

Because First Data is unable to determine, without exposing itself to multiple liability, which Claimants are rightfully entitled to the Disputed Funds, First Data filed this Action with the Court seeking to interplead the Disputed Funds and discharge First Data, a disinterested stakeholder, from liability. First Data now seeks an Order permanently enjoining MM Development from further prosecuting its claims against First Data in the California Superior Court Action, as well as permanently enjoining all Claimants from initiating future lawsuits against First Data regarding the Disputed Funds.

**Argument**

The Federal Interpleader Act permits a district court to "enter its order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. Accordingly, the Act grants district courts authority to make the injunction permanent. *Id.*

As this Court has recognized: "An injunction against overlapping lawsuits is desirable to insure the effectiveness of the interpleader remedy. It prevents the multiplicity of actions and reduces the possibility of inconsistent determinations." *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1067 (S.D.N.Y. 1992); *see also Geler v. Nat. Westminster Bank USA*, 763 F. Supp. 722, 728 (S.D.N.Y. 1991) (quoting *General Ry Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991)) ("Usually interpleader will not be really effective unless claimants are brought before the same court in one proceeding and restricted to that single forum in the assertion of their claims.

To accomplish that end, . . . it is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere."). New York District Courts routinely grant injunctions against pending or future actions pursuant to 28 U.S.C. § 2361. *See, e.g., Sotheby's*, 802 F. Supp. at 1066–67 ("An injunction against proceeding with the Virginia Action is necessary to protect the res before the Court and insure that the Philippines will have a proper forum to litigate its claim to the Paintings."); *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 720 (E.D.N.Y. 2012) (ordering a permanent injunction restraining defendants from continuing or bringing any suits against the plaintiff with regard to the interpleaded funds); *Bank of Am., N.A. v. Morgan Stanley & Co. Inc.*, 2011 WL 2581765 (S.D.N.Y. June 24, 2011) (finding "a permanent injunction restraining the Interpleader Defendants from continuing or bringing any suits concerning the Interpleader Stake is necessary to protect [the plaintiff] from a multiplicity of actions and to ensure the effectiveness of the interpleader relief granted here.").

The California Superior Court Action brought by MM Development subjects First Data to multiple suits and prohibits the effectiveness of the interpleader relief requested in this Action. MM Development's claims allege nothing more than its entitlement to the Disputed Funds, the very issue in dispute here. (*See* California Superior Court Action Complaint, attached hereto as **Exhibit 1** at ¶¶ 84, 87 ("Plaintiff also has an immediate legal right to possess the funds being held by First Data in connection with this merchant account up to the Judgment Amount . . . First Data has prevented Plaintiff from having access to these funds by refusing to transfer them to Plaintiff's control . . . .").) A permanent injunction restraining MM Development from further prosecuting claims against First Data regarding the Disputed Funds is therefore necessary to promote the effectiveness of the interpleader action and avoid overlapping litigation with possibly inconsistent outcomes.

4

71263965

Similarly, First Data requests this Court permanently enjoin all Claimants from initiating suits regarding the Disputed Funds. As this Court has recognized, "[i]n situations such as this one, where a stakeholder, faced with rival claims to the fund itself, acknowledges . . . his liability to one or the other of the claimants, it is reasonable and sensible that interpleader . . . should also protect the stakeholder from vexatious and multiple litigation, and therefore suits sought to be enjoined in such situations are squarely within the language of 28 U.S.C. § 2361." *Bank of Am.*, 2011 WL 2581765 at * 4 (quoting *State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1966)) (internal quotations omitted). To promote the effectiveness of the interpleader action and protect First Data against overlapping and potentially inconsistent litigation, this Court should therefore also order a permanent injunction restraining all Claimants from initiating or prosecuting any and all claims, cross claims, counterclaims, third party claims, or other such claims against First Data regarding the Disputed Funds.

**Conclusion**

WHEREFORE, First Data respectfully requests this Court grant its Motion for Permanent Injunction pursuant to 28 U.S.C. § 2361 and issue a permanent injunction enjoining MM Development from prosecuting claims in any court arising out of the interplead Disputed Funds, including but not limited to the action filed in the California Superior Court of Contra Costa as Case No. C19-02278, and further enjoin all Defendants from initiating and prosecuting all claims, cross claims, counterclaims, third party claims, or other claims against First Data regarding the Disputed Funds.

DATED: November 26, 2019

        Respectfully submitted,

        POLSINELLI PC

        By: */s/ John W. Peterson*
        John W. Peterson (#5394200)
        401 Commerce Street, Suite 900
        Nashville, TN 37219
        john.peterson@polsinelli.com
        (615) 259-1510

        *Attorneys for Plaintiff*
        *First Data Merchant Services LLC*