UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FIRST DATA MERCHANT SERVICES LLC,

                             Plaintiff,                             19-cv-10964 (PKC)

                -against-                                <u>ORDER</u>


MM DEVELOPMENT COMPANY d/b/a
PLANET 13; SISTEM COMMERCE CITY LLC
d/b/a SILVER STEM FINE CANNABIS; KTZ
HOLDINGS, INC. d/b/a SILVER STEM; GTR
SOURCE, LLC; NEW YORK CITY MARSHAL
STEPHEN W. BIEGEL; ML FACTORS
FUNDING LIMITED LIABILITY COMPANY;
PELICAN COMMUNICATIONS, INC. d/b/a
THE PELICAN GROUP; LINX CARD, INC.;
and GIVV, INC.,

                            Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.:

        Plaintiff First Data Merchant Services LLC ("First Data") brought this

interpleader action against nine defendants, each of whom has a claim to the disputed funds in

First Data's possession (the "Disputed Funds"). The Disputed Funds total $619,560.55. (Compl.

(Doc 1).)   Without opposition, this Court granted First Data's motion for a preliminary

injunction.  (Order of March 24, 2020 (Doc 76).)

        First Data and MM Development Company ("MMD") seek clarification of the

March 24, 2020 Order granting a preliminary injunction. The clarification relates to the

language enjoining any all claimants, including MMD, from "prosecuting any and all claims . . .

against First Data relating in any manner to the Disputed Funds or their related transactions,

including the claims and cross-claims pled in the case styled *MM Development Company, Inc.*

*d/b/a Planet 13 v. Linx Card et al.*, Case No. C19-02278, pending further order of this Court."
(Doc 76 at 2.)

The Court has examined MMD's complaint in <u>MM Development Company, Inc.</u>
<u>d/b/a Planet 13 v. Linx Card et al.,</u> Case No. C19-02278 (the "California Action"), annexed as
Exhibit 6 to First Data's interpleader complaint.  (Doc 1, Ex. 6.)  First Data is named in two of
the seven claims, the Fourth Cause of Action for Conversion and the Sixth Cause of Action for
Unfair Competition in violation of the Business and Professions Code Section 17200.  The
demanded sum of $939,010.38 consists of an outstanding balance Linx Card had agreed to pay
MMD plus $20,000 in attorneys' fees and $18,503.56 in interest.  (Doc 1, Ex. 6 ¶ 32.)  The sum
necessarily includes the entirety of the Disputed Funds.  The Fourth Cause of Action alleges that
a single document assigning the $989,010.38 was delivered to First Data.  (<u>Id.</u> ¶ 88.)  The
Disputed Funds are also subsumed in the Sixth Cause of Action that seeks recovery of "no less
than $939,010.38" from First Data.  (<u>Id.</u> ¶ 108.)

It is beyond serious question that the Disputed Funds are sought in the Fourth and
Sixth Causes of Action as part of the $939,010.38.  Hence, the preliminary injunction by its
express terms enjoins MMD and other claimants from proceeding in the California Action
against First Data for sums that include the Disputed Funds.   MMD now states that it will
commit to limiting recovery from First Data in the California Action to $319,449,83, the
difference between the Disputed Funds ($619,560.55) and the full amount of the claim in the
California Action ($939,010.38).  But this makeshift solution does not address why the
injunction was necessary in the first place.

MMD's solution undermines a central purpose of the injunction, which is to avoid
exposing First Data to the need to defend against the same claim of conversion and unlawful

competition in this Court and simultaneously in the California Action with the risk of

inconsistent outcomes.  Once MMD's claim and that of all other claimants to the Disputed Funds

are resolved in this Court, the purpose of the injunction will have been served and the Court will

entertain an application by MMD to pursue a claim for additional sums in the California Action,

subject to the right of the prevailing party in this action, MMD or First Data, to invoke the

doctrine of issue preclusion.

First Data does not fare any better with its proposed construction of the language

of the March 24 Order.  It would have this Court construe the simple <u>preliminary</u> injunction as

forever extinguishing any claim for monies converted by First Data but not held as of the date of

this interpleader action and any claim for punitive damages against it under California law.

The joint application for "clarification" of this Court's preliminary injunction

Order of March 24, 2020 is GRANTED to the extent indicated herein and otherwise DENIED.[1]

The Order of March 24, 2020 is corrected for a typographical error: the word "Permanent" in the

last line on page 1 is deleted and in its place is inserted the word "Preliminary."  The preliminary

injunction remains in full force and effect.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 24, 2020

---

[1] The Court notes that the recent amendment or proposed amendment to claims of certain parties to the California Action post-dates this Court's preliminary injunction order and is subject to its terms, including this Order of clarification.